UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL PATRICK YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>CLARK COUNTY MUNICIPAL JUSTICE COURTS; STEIN FORENSIC HOSPITAL,<br><br>Defendants. | Case No. 2:25-cv-00352-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 17), which is complete and granted.  This filing moots the Report and Recommendation entered on May 14, 2025. ECF No. 16.  The Court now screens Plaintiff's Complaint. ECF No. 1-1.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

1  Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff
2  should be given leave to amend the complaint with notice regarding the complaint's deficiencies.
3  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

4  Moreover, "a pleading may not simply allege a wrong has been committed and demand
5  relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at
6  *4 (E.D. Cal. Dec. 22, 2011). The pleading standard established by Federal Rule of Civil Procedure
7  8 "does not require detailed factual allegations, but it demands more than an unadorned, the-
8  defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted).

9  Here, a review of Plaintiff's Complaint, even when liberally construed, demonstrates there
10  is no discernable cause of action or basis for any claim. ECF No. 1-1, *generally*. Indeed, it is
11  difficult, at best, to even understand what it is Plaintiff alleges or what harm Plaintiff seeks to
12  identify. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are
13  construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim
14  for relief). Under these circumstances Plaintiff cannot proceed before the Court on his Complaint.

15  Further, Plaintiff is advised that all courts operating in and for the State of Nevada are arms
16  of the State. "Nevada has eleven judicial districts making up the state's general jurisdiction courts.
17  These district courts serve Nevada's 17 counties. The 11 Judicial Districts are served by 82 District
18  Court judges who serve their elected counties but have jurisdiction to serve in any district court in
19  the state." Moreover, the municipal courts serve as part of the judicial branch of state government
20  as set forth by the Nevada Constitution." http://www.clarkcountycourts.us/general/. As an arm of
21  the State of Nevada, the Clark County Municipal Justice Courts are immune from suit under 42
22  U.S.C. § 1983. *Foley v. Graham*, Case No. 2:16-cv-1871-JAD-VCF, 2016 WL 11185427, at *3 (D.
23  Nev. September 13, 2016). For this reason, Plaintiff's claims against the Clark County Municipal
24  Courts are dismissed with prejudice.

25  To the extent Plaintiff complains he is being unfairly incarcerated at Stein Forensic Hospital
26  (*see* ECF No. 1-1), his claims fail under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In *Heck*, the
27  Supreme Court analyzed which types of claims can be brought under 42 U.S.C. § 1983 holding that
28  habeas corpus is the exclusive remedy for someone involuntarily held by the state who challenges

the fact or duration of confinement and seeks release. *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). "It would wholly frustrate explicit congressional intent" to allow plaintiffs to evade the exhaustion requirement of an application for a writ of habeas corpus by labeling his request as a § 1983 claim. *Preiser*, 411 U.S. at 489-490. Federal courts must work to prevent those incarcerated from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 17) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice and with **one** opportunity to amend. Plaintiff is advised that if he chooses to file an amended complaint he must do so no later than **June 24, 2025**. The amended complaint must clearly identify the claims Plaintiff is asserting and the individuals or entities he is claiming engaged in wrongdoing that supports his claims. This means Plaintiff must state facts, clearly and simply, that the Defendants can understand, which support the claims raised.

Plaintiff's amended complaint must be complete in and of itself. The Court cannot refer to Plaintiff's original Complaint in order to gather information for purposes of assessing whether Plaintiff states a claim. Plaintiff is **not** to refile claims against Clark County Courts as the Courts are immune from suit. Plaintiff also cannot attack his incarceration in Stein Forensic Hospital through a civil suit. If this is what Plaintiff wishes to do he must file a habeas corpus petition.

IT IS FURTHER ORDERED that failure to comply with the terms or timing of this Order will result in a recommendation that this matter be dismissed in its entirety.

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 16) is rescinded as moot.

Dated this 3rd day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE